IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-HC-2259-FL

| | | |
|---|---|---|
| DAVID HARRELL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| D.R. STEPHENS, | ) | |
| | ) | |
| Respondent. | ) | |

This matter comes before the court on petitioner's motion for reconsideration (DE # 21), which this court construes as a motion to alter or amend its March 2, 2012, judgment pursuant to Federal Rule of Civil Procedure 59(e). Respondent did not respond to this motion. In this posture, the matter is ripe for adjudication. For the following reasons, the court denies petitioner's motion.

Rule 59(e) permits a court to alter or amend a judgment. See Fed. R. Civ. P. 59(e). The decision whether to alter or amend a judgment pursuant to Rule 59(e) is within the sound discretion of the district court. See Bogart v. Chapell, 396 F.3d 548, 555 (4th Cir. 2005); Hughes v. Bedsole, 48 F.3d 1376, 1382 (4th Cir. 1995). The Fourth Circuit has recognized three reasons for granting a motion to alter or amend a judgment under Rule 59(e): (1) to accommodate an intervening change in controlling law; (2) to account for the availability of new evidence not previously available; or (3) to correct a clear error of law or prevent manifest injustice. See, e.g., Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007); Bogart, 396 F.3d at 555; Hutchison v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993). "A Rule 59(e) motion is not intended to allow for re-argument of the very issues that the court has previously decided," DeLong v. Thomas, 790 F. Supp. 594, 618 (E.D. Va. 1991),

aff'd, 985 F.2d 553 (4th Cir. 1993), and is not "intended to give an unhappy litigant one additional chance to sway the judge." Durkin v. Taylor, 444 F. Supp. 879, 889 (E.D. Va. 1977).

Petitioner fails to demonstrate an intervening change in controlling law, to present new evidence previously not available, or to show a clear error of law that would support granting his Rule 59(e) motion. Instead, he re-argues the merits of his dismissed claims. As stated, this is not sufficient for relief pursuant to Rule 59(e). DeLong, 790 F. Supp. at 618. Accordingly, petitioner's motion to alter or amend the judgment (DE # 21) is DENIED.

SO ORDERED, this the 16th day of May, 2012.

/s/ Louise W. Flanagan
LOUISE W. FLANAGAN
United States District Judge